

MIED (Rev.5/13) General Civil Complaint

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN

TONY DEWAYNE BEARD JR.
JOHNETTE FORD
Personal Representative and Guardian

                        Plaintiff (s)

V

SOUTHFIELD POLICE CHIEF ERIC HAWKINS,
THEN ACTING POLICE CHIEF JEFFREY TINSMAN,
SERGEANT LAWRENCE PORTER, DECETIVE J. LANZON,
OFFICER JEFFREY JAGIELSKI, OFFICER JASON SCHNEIDER,
OFFICER KATE SCHNEIDER, OFFICER ERIC JACHYM, OFFICER
TIMOTHY GOUGEON, OFFICER MATTHEW TAYLOR, OFFICER
RYAN LOSH, OFFICER BLAKE MATATALL, OFFICER NICHOLAS
SMISCIK, SOUTHFIELD POLICE OFFICER KORY KARPINSKY
(Unidentified in Name and Number), and
CITY OF SOUTHFIELD
Jointly and severally,     Defendants (s)

Case:2:14-cv-13465
Judge: Edmunds, Nancy G.
MJ: Whalen, R. Steven
Filed: 09-05-2014 At 04:01 PM
CMP BEARD, ET AL V HAWKINS, ET AL (
EB)

## COMPLAINT

**I. Defendant(s).** Print the full name for each defendant. If there are more defendants, use additional pages to provide their names.

### Names of Defendant(s)

1. Southfield Police Chief Eric Hawkins
2. Acting Police Chief Jeffrey Tinsman
3. Southfield Police Officer Jeffrey Jagileski
4. Southfield Police Officer Jason Schneider
5. Southfield Police Officer K. Schneider
6. Southfield Police Officer Eric Jachym
7. Southfield Police Officer Ryan Losh
8. Southfield Police Officer Blake Matatall
9. Southfield Police Officer Matthew Taylor
10. Southfield Police Officer Nicholas Smiscik
11. Southfield Police Kory Karpinski
12. Southfield Police Sergeant Lawrence Porter
13. Southfield Police Detective J. Lanzon
14. Southfield Police Officer Timothy Gougeon

II.    Statement of claim.   Briefly state the facts of your case.  Describe how each defendant is involved, and exactly what each defendant did, or failed to do.  Include names of any other persons involved, dates, and places.  You may use additional paper if necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

III. Relief. Briefly state exactly what you want the court to do for you.

WHEREFORE, Plaintiff Tony Dewayne Beard Jr. along with his Representative and Guardian

Johnette B, Ford request the following relief:

A .Compensatory non-economic and economic damages including but not limited to all damages recoverable under the United States Constitution and/or 42 USC & 1983 and/or the laws of the State of Michigan,

B. Punitive damages

C. Physical pain and suffering:

D. Emotional trauma and suffering

E. Economic damages related to any and all medical costs.

F. Reasonable attorney fees, costs and interest:

G. Mental Anguish

H. Such other and further relief as appears reasonable and just from these circumstances.

## COMPLAINT AND RELIANCE UPON JURY DEMAND

NOW COME Plaintiff TONY DEWAYNE BEARD JR, along with Personal Representative and Guardian JOHNETTE B. FORD and for their Complaint against the named Defendants,

1. This action arises under the United States Constitution and under the laws of the United States Constitution, including provisions of the Fourteenth, Fourth and Eight Amendments of the United States Constitution and under the laws of the United States, under the Civil Rights Act, Title 42 of the United States Code Sections 1983 and 1988.

2. Plaintiff brings suit against each and every Defendant named above in both their individual and official capacities.

3. The above named Defendants were employees, agents and/or representatives of Southfield Police Department and/or the City of Southfield and in the course and scope of their employment, agency or representation of the said departments and/or entities, performed duties and responsibilities as police officers acting pursuant to and under color of state law and each officer is being sued in his individual capacity.

4. This acts set forth in this complaint arise under Section 1 of the Civil Rights Act of 1871, 17 stat. 13, 42 U.S.C. 1983 in the Fourth and Fourteenth Amendments of the United States Constitution, and under the laws of the State of Michigan, in which case the court has Supplemental or Pendent Jurisdiction.

## COMMON FACTUAL ALLEGATIONS

1) On September 6, 2011 at approximately 1:00 am, Plaintiff was going northbound on Greenfield Road in Detroit, south of Eight Mile Road. Plaintiff reached for his phone, which fell off the seat on the floor of the passenger side.

2) Plaintiff made a right turn into the car wash driveway, unfastened his seat belt and picked up his cell phone, Plaintiff then proceeded down the alley between the car wash and the gas station.

3) Plaintiff noticed he was being followed by a black unmarked vehicle, there was no lights or markings to suggest it was a police vehicle.

4) Plaintiff speeded up to get away from the vehicle, Plaintiff exited the car wash and made a right hand turn on Eight mile. Plaintiff had no idea if the vehicle following him would rob or kill him.

5) As Plaintiff proceeded down Eight mile he noticed Police lights in his rear view mirror, Plaintiff had no idea the police was after him, Plaintiff knew he hadn't done anything wrong for the police to be after him.

6) As Plaintiff was approaching Hubbell Plaintiff noticed a black police charger was behind him. Plaintiff's first instinct was to stop, by then Plaintiff was unsure what to do, after Plaintiff slowed down to stop, the black police charger tried to ram Plaintiff's vehicle. After that Plaintiff then was In fear for his life.

(1)

7) When Plaintiff would slow down to stop, other police vehicles tried to run into Plaintiff. Plaintiff knew then he needed a safe place to stop, so he went to the Puritan and Wyoming area where he grew up, and where Plaintiff had family and friends, so he could safely stop and not get killed or beat by the police.

8) As the police chase continued a truck driven by Southfield Police Officer K. Schneider ran into the back of Plaintiff's vehicle, causing Plaintiff's vehicle to spend around. Southfield Police Officer Eric Jachym who was in a Police Crown Victoria intentionally ran into Plaintiff's vehicle, head-on causing Plaintiff's vehicle end up on top of Officer Jachym's vehicle, rendering Plaintiff's vehicle immobile. Officer Jachym said that Plaintiff ran into his vehicle. Southfield Polices own video from Officer Jachym dash-camera recorder shows that Officer Jachym ran his vehicle into the Plaintiff's vehicle.

9) Plaintiff never resisted Southfield Police Officers in any manner verbally or physically, The officers told so many different stories the evidence didn't match their stories, in fact their own stories didn't match each other stories.

10) Plaintiff was tased at least 10 times, in their testimony during trial collectively they admit to tasering Plaintiff 5 times, Plaintiff's had 10 taser marks.

11) Plaintiff was called a dumb ass nigger, stupid nigger, stupid motherfucker, retarded nigger and other demeaning names and racial slurs.

12) Plaintiff was dragged from one area to another area and was continuously beaten. Southfield Police Pictures support that fact.

(2)

13) Southfield Police Officers Jagielski and J. Schneider first lied and said Plaintiff's front wheels touched 8 mile road and made a quick uturn in front of them, and speeded down the alley fleeing them. When the officers realized their own dash camera video didn't support their unlawful stop, Southfield Police Officer Jason Schneider admitted on the stand they thought Plaintiff was in a stolen vehicle, even the vehicle wasn't reported stolen,

14) Plaintiff wasn't committing any crime that night, there was no warrant for his arrest, Plaintiff wasn't fleeing a felony. Plaintiff hadn't committed any traffic violations, so Southfield Police Officers J. Schneider and J. Jagileski decided to make up a traffic violation to justify their illegal stop.

15) Southfield Police Officers and their supervisor along with their then Acting Police Chief Jeffrey Tinsman, developed and articulated and agreed upon a plan to cover-up their unlawful actions in relation to the beating of Plaintiff by their hands.

16) Southfield Police Department and their Chiefs along with other Southfield City Officials, conspired to cover up the brutal beating Plaintiff received, by filling false felony charges, hiding video and other exculpatory evidence.

17) Southfield Police Officers committed perjury on the stand, and the Prosecution knew they were committing perjury. The Prosecution enjoined the Police helping them cover up the beating, and by prosecuting charges he knows are false, and not supported by any creditable evidence.

18) Southfield Police Officer and their Chiefs, City Officials, and the Prosecution help them Maliciously prosecute Plaintiff by violating his constitutional and civil rights.

(3)

19) Any and all of the information from the night of September 6, 2011 including the original Police report Plaintiff is only charged with ( a) Fleeing and Eluding a Police Officer ( b) and Possession of Marijuana.

20) Southfield Police Department's own video, pictures and documents impeached their testimony.

21) Southfield Police Department had 12 police vehicles in the police pursuit and only turned in 3 videos. Southfield Department said the other 9 police vehicles video recorders were inoperative on the night of September 6, 2011. Southfield Police Department provided no report or repair records supporting their claim. Plaintiff along with his attorneys requested this information many times, and still hasn't received it along with many other documents they requested. There was at least 3 Detroit Police vehicles in the police pursuit.

22) Immediately after Plaintiff's vehicle was stopped, Officers of the Southfield Police Department used excessive force by tasering Plaintiff and brutally beating him. Plaintiff never resisted or threatened the Officers in any way. Plaintiff complied with their orders and the Officers still brutally beat him, the very thing he was afraid of happening did happen.

23) Originally when Plaintiff asked for medical help he was denied by Southfield Police, When Plaintiff was taken to the Southfield Police Station, the Security Guards insisted the Police Officers take Plaintiff to the hospital. The Southfield Police Department didn't care is Plaintiff died or not. The Security Guards took pictures documenting Plaintiff's injuries.

(4)

24) Plaintiff received very serious injuries from Southfield Police Officers on the night of September 6, 2011. Providence Hospital documented Plaintiff's injuries.

(a) Closed head injury

(b) Fractured ribs

(c) Maxillary and Frontal Sinus Fractures – broken nose

(d) Broken jaw bones

(e) Abrasion on chest wall

(f) Contusion on left and right shoulders.

## DEFENDANTS

1) Southfield Police Officer Jeffrey Tinsman – Then Acting Police Chief at the time of the September 6, 2011 police incident.all reports were sent to him from the night of the incident. He is also the person that conducted the so-called investigation into the beating and he exonerated the officers. Acting Chief Tisman's signature is on the letter, he also said sometimes when he's unavailable one of the officers will just sign his name for him. He has a very unique signature, and the so-called investigation into the beating we feel was never investigated. The Police Department never gave us a report or any information, from the time Plaintiff submitted the complaint within ten days we received their response letter back exonerating the officers, until this day no one ever spoke to Plaintiff about the incident. Chief Jeffrey left the Southfield Police Department sometime after 2012. Acting Chief Jeffrey Tinsman helped them cover up the beating.

2) Chief Eric Hawkins- was not the Officer's Chief, when the beating on the night of September 6, 2011 occurred. During that time Southfield Police hadn't chosen a Chief, since their other Police Chief left. There were 3 officers during that time who were filling the position until they decided who was going to be the new Police Chief. Eric Hawkins was sworn in on October 15, 2012 as the new Police Chief. Tony resubmitted the Police Brutality complaint April 5, 2013 to Chief Eric Hawkins and sent the same identical letter to us that Acting Chief Jeffrey Tinsman sent us September 20, 2011. Chief Hawkins is helping them cover up the beating. I met with him several times about the beating and the case, he continues to help them cover up the beating.

3) Southfield Police Officer Jeffrey Jagileski and Southfield Police Officer Jason Schneider made an unlawful stop and initiated the chase, the video clearly shows Officers Schneider and Jagileski lied about the reason they stopped Plaintiff. Southfield Police Officer Jason Schneider testified during the trial they stopped Plaintiff because they believed Plaintiff's vehicle was stolen.

4. Southfield Police Officer K. Schneider performed the pit maneuver that stopped Plaintiff's vehicle on the night of September 6, 2011.Officer K. Schneider was the first Southfield Police Officer to approach the Plaintiff vehicle after the chase and that Officer K. Schneider was wearing a head-camera recorder. Southfield Police Officer K. Schneider admitted in her original police report and testified on the stand that she tased the Plaintiff because he wouldn't get out of his vehicle. Plaintiff said the Defendant participated when the other Defendant's beat the Plaintiff. Officer K. Schneider is married to Southfield Police Officer Jason Schneider. Officer K. Schneider turned in no dash camera video, or no head-camera video. Keeping in mind, Officer K. Schneider is an evidence technician, in a fully equipped evidence vehicle, and turned in no video from her car or head-camera recorder.

5. Southfield Police Officer Eric Jachym is the officer that ran into the front of Plaintiff's vehicle after it was stopped. Officer Jachym participated in the beating along with other Police Officers with other Southfield Police, Officer Jachym made false allegations against Plaintiff.

6. Southfield Police Officer Timothy Gougeon tased Plaintiff 3 times after he was snatched from the vehicle, knowing Tony's body was trying to recover from Officer K. Schneider tasing him twice in his back. He also cursed and called Tony names like you stupid black nigger, he kicked Plaintiff in his head and face. Plaintiff was tased 5 times by the time he was pulled from his vehicle and was on the ground.

7. Southfield Police Officer Matthew Taylor- ran into Plaintiff's vehicle on Ardmore Street in Detroit during the chase, and he accused Plaintiff of running into his vehicle and the video shows he ran into Plaintiff's vehicle. He also participated in the beating, and called Plaintiff racial slurs.

8. Southfield Police Officers- Ryan Losh, Blake Matatall, Nicholas Smiscik, and Kory Karpinisky participated in the beating and/ or just failed to intervene.

9. Southfield Police Officers Detective Shadwell and Sergeant Porter were there, but I don't know the extent of their involvement in the incident.

10. There were also Detroit Police Officers that participated in the chase, and remained after the chase, and they didn't turn in an incident report. There is a picture of a black Female Detroit Police Sergeant talking with Southfield Police Officers.

12. Detective Lazon filed false felony charges against Plaintiff, and lied to the Magistrate during Plaintiff's arraignment telling her he had to go to Detroit to file additional charges on Plaintiff.

*Johnette B. Ford*
*Personal Representative*
*& Guardian for*
*Tony D. Bend Jr.*

(8)

| JS 44 11/99 | **CIVIL COVER SHEET** COUNTY IN WHICH THIS ACTION AROSE: WAYNE |
|---|---|

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**I. (a) PLAINTIFFS**

Tony Dewayne Beard Jr.
Johnette Ford  Personal Representative and Guardian

(b) County of Residence of First Listed    Oakland

(C) Attorney's (Firm Name, Address, and Telephone Number)

**DEFENDANTS**

Southfield Police Department & The City of Southfield
36000 Evergreen Road
Southfield Michigan 48037

County of Residence of First Listed    Oakland
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case:2:14-cv-13465
Judge: Edmunds, Nancy G.
MJ: Whalen, R. Steven
Filed: 09-05-2014 At 04:01 PM
CMP BEARD, ET AL V HAWKINS, ET AL ( EB)

**11. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item 111)

**III. CITIZENSHIP** (For Diversity Cases Only) and One Box for Defendant)

| | PLA | DEF | | PLA | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21: 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 365 Personal Injury - Product Liability | | | ☐ 450 Commerce/ICC |
| ☐ 150 Recovery of Overpayment and Enforcement of Judgment | ☐ 320 Assault Libel And Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multi district Litigation
- [ ] 7 Appeal to District Judge from Magistrate

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Fourteenth, Fourth and Eighth Amendments of the US. Constitution and  under the Civil Rights  Act,Title 42, Section 1983 and 1988

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   $DEMAND   CHECK YES only if demanded in complaint: JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____ DOCKET NUMBER _____

DATE  9-5-2014

SIGNATURE OF ATTORNEY OF RECORD  *Johnette L. Ford Personal Rep & Guardian*

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?  ☐ Yes  ☒ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)  ☐ Yes  ☐ No

   If yes, give the following information:

   Court: _____

   Case No.: _____

   Judge: _____

Notes :