UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TONY DEWAYNE BEARD, JR.,
a legally incapacitated person,
by and through JOHNETTE FORD,
his legal guardian,

        Plaintiff,      Civil Action No. 14-13465
                                 Honorable Nancy G. Edmunds
v.                              Magistrate Judge Elizabeth A. Stafford

ERIC HAWKINS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY
DEFENDANTS' MOTIONS TO DISMISS [14, 24, 29]**

## I.   INTRODUCTION

Johnette Ford ("Ford") commenced this action on behalf of her adult son Tony Dewayne Beard, Jr. ("Beard"), alleging the City of Southfield (the "City") and fourteen current or former members of the Southfield Police Department (the "Officers"; collectively "Defendants") violated his constitutional rights and state law. [1]. The Honorable Nancy G. Edmunds referred this case to the undersigned to resolve all pretrial matters pursuant to 28 U.S.C. § 636(b)(1)(A) and (B). Before the Court are three motions to dismiss, one filed by the City [14] and two filed by the Officers [24, 29]. For the following reasons, the Court **RECOMMENDS** that all three motions [14,

24, 29] be **DENIED**.

## II.   BACKGROUND

This 42 U.S.C. § 1983 civil rights action arises out of Beard's September 6, 2011 arrest and alleged beating by the Officers. Ford, a non-attorney, is Beard's mother and has been his legal guardian since 2002. [15-1, Pg ID 115-17]. On September 5, 2014 – one day before the statute of limitations expired – Ford filed this action without legal representation on Beard's behalf, alleging that Defendants violated his constitutional rights. [1]. On October 14, 2014, attorney Johnny L. Hawkins filed a notice of appearance on behalf of Beard.

On December 16, 2014, Beard moved for leave to file an amended complaint. [12]. On January 6, 2015, the Court granted the motion in part, allowing Beard to cure defects of the original complaint, and Beard filed the amended complaint the same day. [17; 18]. The City and the Officers responded to Beard's complaint by filing three motions to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(1), which all present an argument that Ford lacked standing to bring the suit and that the Court, therefore, lacks subject matter jurisdiction. [14; 24; 29]. Beard has filed responses, and Defendants have replied. [15; 19; 33; 35]. Because all three motions make the same argument, the Court has considered them

together and recommends that they all be denied.

## III. ANALYSIS

Defendants argue the Court lacks subject matter jurisdiction of this action because the complaint only alleges violations of Beard's constitutional rights, and that Ford therefore "lacked standing to maintain an action on behalf of Beard without counsel." [14, Pg ID 92-93; 29, Pg ID 301]. Defendants' motions are misplaced and should be denied because Beard has standing and needs his guardian to access the Court for him; Ford's failure to secure legal counsel initially did not defeat standing or subject matter jurisdiction; and granting Defendants' motions to dismiss would undermine the aim of protecting incompetent litigants like Beard.

### A. **Beard has standing to bring this action and Ford has authority to file it on his behalf.**

To bring a suit in federal court, a plaintiff must establish Article III standing, which essentially requires showing that he or she suffered an injury as a result of the defendant's conduct. *Loren v. Blue Cross & Blue Shield of Mich.*, 505 F.3d 598, 607 (6th Cir. 2007). If a plaintiff fails to establish standing, the Court must dismiss the action for lack of subject matter jurisdiction. *Id.* Here, Beard is alleged to have suffered injuries as a result of Defendants' conduct; he has standing.

However, Beard is legally incapacitated, and therefore "lacks the

3

capacity to bring suit for himself." *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 134 (2d Cir. 2009). As Beard's legal guardian, Ford may sue on his behalf; his access to the court is dependent upon him having a suitable representative to protect his interest. Fed. R. Civ. P. 17(c)(1)(A); *Berrios*, 564 F.3d at 134-35.

Defendants do not challenge Beard's standing or Ford's authority to sue on his behalf under Rule 17. They complain that Ford initially filed the lawsuit without legal representation, but that now-remedied deficiency did not undermine the Court's subject matter jurisdiction or support a dismissal of the complaint.

### B. Ford's failure to secure legal counsel initially did not defeat standing or subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1654, litigants in federal court generally have the right to prosecute or defend their cases without legal representation. However, that section does not permit parties to proceed without legal representation "where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). In *Shepherd*, the girlfriend of the decedent filed a § 1983 claim on behalf of the minor child she shared with the decedent. *Id.* at 966. The Sixth Circuit upheld the dismissal of § 1983 claims because she did not secure legal representation. *Id.* at 970-71.

4

Defendants cite *Shepherd* for the propositions that Ford does not have standing and that the Court therefore lacks subject jurisdiction. However, *Shepherd* did not rely on standing and jurisdiction to uphold the dismissal; neither "standing" nor "jurisdiction" is even mentioned in the court's analysis of the matter. *Id.* The district court dismissed the § 1983 claim for failure to prosecute under Federal Rule Civil Procedure 41 because the plaintiffs did not obtain counsel despite being given two years to do so. *Id.* at 970-71. The Sixth Circuit upheld the dismissal on the same basis. *Id.* at 971.[1]

The substantial time afforded the *Shepherd* plaintiffs to find counsel before their case was dismissed undermines Defendants' argument that, under *Shepherd*, Ford's filing of the lawsuit without counsel defeated standing and must be dismissed for lack of subject matter jurisdiction. If fact, contrary to Defendants' request for immediate dismissal, courts typically give litigants an opportunity to obtain counsel, when required, before their cases are dismissed. For example, in *Cheung v. Youth*

---

[1] Defendants also misconstrue *Cochran v. Nelson*, 16 F.3d 1218, 1994 WL 28648 (6th Cir. 1994), where standing was addressed only with respect to claims that the plaintiff brought on his own behalf. *Id.* at *1-*3. The district court had disallowed the plaintiff's attempt to legally represent his son, but that was not described as a standing issue. *Id.* at *1-*2. *Thompson v. Mohammed*, No. 13-12388, 2013 WL 4747537 (E.D. Mich. Sept. 4, 2013) is likewise inapposite, as the plaintiff was *not* the adult child's legal guardian.

5

*Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 62 (2d Cir.1990), an opinion cited with approval in *Shepherd*, the court found that a non-attorney could not represent his minor daughter, but it remanded the case "to give Cheung an opportunity to retain counsel or to request the appointment of counsel." More recently, the Second Circuit reversed the dismissal of a case brought by a non-attorney uncle of the incompetent plaintiff and instructed that, on remand, the district court should not dismiss "the action without affording such guardian the opportunity to retain counsel or to seek representation from a *pro bono* attorney or agency." *Berrwilios*, 564 F.3d at 135. *See also Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) ("Because the Malones may not proceed pro se on those claims, we will grant the Malones sixty days to obtain counsel to represent the interests of the estate.").

In this case, the Court does not even have to offer Ford time to obtain an attorney to represent Beard; she has already done so and Beard's attorney has already amended the complaint to cure its previous deficiencies.

### C. **Granting Defendants' motions to dismiss would be contrary to the aim of protecting Beard's interest.**

If the motions to dismiss were granted, Beard would be barred from refiling his complaint by the statute of limitations; he would be denied his

6

day in court. That result would be contrary to the aim of requiring legal counsel in a case like this. Courts require minors and incompetents to be represented by trained legal counsel rather than ill-equipped lay persons in order to protect their interests and prevent abuse. *Cheung,* 906 F.2d at 61; *Zanecki v. Health Alliance Plan of Detroit*, 576 Fed. Appx. 594, 595 (6th Cir. 2014). Beard now has legal counsel to protect his interests, and dismissing his complaint would significantly prejudice him, a result that is directly contrary to the intent of the authority upon which Defendants' rely.

## IV.   CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Defendants' motions to dismiss [14, 24, 29] be **DENIED**.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: April 10, 2015

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2015.

                                            s/Marlena Williams
                                            MARLENA WILLIAMS
                                            Case Manager