UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Tony Dewayne Beard, Jr., a legally
incapacitated person, by and through
Johnette Ford, his legal guardian,,

Plaintiff,

v.

Eric Hawkins, et al.,

Defendants.
_____/

Case No. 14-13465

Honorable Nancy G. Edmunds

**ORDER ACCEPTING AND ADOPTING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION [36]**

This matter comes before the Court on the Magistrate Judge's Report and Recommendation. Johnette Ford, a non-attorney, commenced this §1983 action on behalf of her incapacitated, adult son Tony Dewayne Beard Jr.[1] Ford's complaint alleged that the City of Southfield and fourteen current and former members of the Southfield Police Department ("Defendants") violated Beard's constitutional rights during Beard's arrest. Ford initially filed the complaint without counsel. However, only one month later, and before any Defendants were served, Ford secured an attorney to represent her son. (Dkt. 5.) Defendants, in three separate groups, subsequently filed three motions to dismiss on the grounds that Ford's initial failure to secure counsel when she filed the complaint deprived her of Article III standing and the Court of subject matter jurisdiction. (Dkt. 14, 24, 29.) The

---

[1] *See* Fed. R. Civ. P. 17(c)(1)(A) ("The following representatives may sue or defend on behalf of a minor or incompetent person: (A) a general guardian . . .").

Magistrate Judge rejected Defendants' arguments and recommended that their motions to dismiss be denied.

Defendants raise three objections to the Magistrate Judge's Report and Recommendation. (Dkt. 41.) Each stems from the premise that non-attorney parents who proceed *pro se* on behalf of their minor or incompetent children lack Article III standing and deprive the Court of subject matter jurisdiction. This premise, however, is wrong. It is true that non-attorney parents may not represent the interests of their children *pro se* in federal court. *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002). But this is not a Constitutional rule. Nor, unlike subject matter jurisdiction, is it "ironclad." *Elustra v. Mineo*, 595 F.3d 699, 705 (7th Cir. 2010). Indeed, in certain situations, the "general rule" does not even apply. *See, e.g.*, *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1300 (10th Cir. 2011) (holding that a non-attorney parent could proceed *pro se* in federal court on behalf of her minor child to challenge administrative denial of SSI disability benefits).

Instead, the rule is an interpretation of 28 U.S.C. §1654, which states, "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel." *See Shepard*, 313 F.3d at 970 ("[§1654] does not permit plaintiffs to appear *pro se* where interests other than their own are at stake."); *Meeker v. Kercher*, 782 F.2d 153, 154 (1986) ("We hold that under Fed. R. Civ. P. 17(c) and 28 U.S.C. § 1654, a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."). It has also been referred to as a "venerable common law rule." *Cavanaugh v. Cardinal Local Sch. Dist.*, 409 F.3d 753, 756 (6th Cir. 2005) *abrogated for other reasons by Winkleman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007); *Collinsgru v. Palmyra Bd. Of Educ.*, 161 F.3d 225, 232 (3rd Cir. 1998). Its violation "does not require

[the court] to dismiss . . . for lack of jurisdiction." *Cavanaugh*, 409 F.3d at 756. And although dismissal may be warranted where the rule is violated, many courts have provided non-attorney parents who filed *pro se* complaints on behalf of their children an opportunity to secure counsel to comply with it. *See, e.g.*, *Berrios v. New York City Hous. Auth.*, 564 F.3d 130, 135 (2nd Cir. 2009); *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007*); Myers v. Loudoun Cnty. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005); *Chung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 62 (2nd Cir. 1990).[2]

Given these cases, it was entirely proper for the Magistrate Judge to recommend against dismissal where Ford obtained counsel to represent her son after she filed the complaint. "The general rule prohibiting a non-attorney parent from representing his or her minor child in federal court is designed to protect the interests of the minor party; in addition, it jealously guards the judiciary's authority to govern those who practice in its courtrooms." *Astrue*, 659 F.3d at 1300 (internal quotation marks omitted). The rule's aim is to protect "the rights of those before the Court by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Zanecki v. Health*

---

[2] Defendants cite a number of cases supporting their position that a non-attorney parent who brings an action *pro se* on behalf of his or her child lacks Article III standing and deprives the Court of subject matter jurisdiction. *See, e.g.*, *Nieman v. Portage Cnty. Health & Human Servs.*, No. 12-501, 2014 WL 1683281, at *2 (W.D. Wis. Apr. 29, 2014);*Thompson v. Mohammed*, No. 13-12388, 2013 WL 4747537, at *1 (E.D. Mich. Sept. 4, 2013); *Wade v. Carrollton-Farmers Brance Independent Scho. Dist.*, No. 09-0346, 2009 WL 2058446, at *1-2 (N.D. Tx. July 14, 2009); *Wallace v. Grey*, No. 08-311, 2009 WL 24946, at *2 (D. Utah Feb. 2, 2009); *Kolodziej v. Gosciak*, No. 06-820, 2008 WL 786326, at *4-5 (W.D. Mich. Mar. 20, 2008). None of these decisions are binding on this Court. And, as set forth above, to the extent that these cases would require dismissal on the basis of subject matter jurisdiction in this case, they are incorrect. The failure of a non-attorney parent to secure counsel when bringing a claim on behalf of his or her minor or incompetent child does not deprive the Court of subject matter jurisdiction under Article III.

*Alliance Plan of Detroit*, 576 Fed. Appx. 594, 595 (6th Cir. 2014) (referring to the similar rule that a non-lawyer cannot represent the interests of an estate). As the Magistrate Judge noted, these goals would not be achieved by dismissing the complaint in this case where counsel has already been secured.

Accordingly, the Court ACCEPTS AND ADOPTS the Magistrate Judge's Report and Recommendation. Defendants' motions to dismiss are DENIED.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: June 25, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 25, 2015, by electronic and/or ordinary mail.

        s/Carol J. Bethel
        Case Manager