UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

TONY DEWAYNE BEARD, JR.,
a legally incapacitated person,
by and through JOHNETTE FORD,
his legal guardian,

       Plaintiff,            Civil Action No. 14-13465
                                  Honorable Nancy G. Edmunds
v.                                   Magistrate Judge Elizabeth A. Stafford

ERIC HAWKINS, et al.,

       Defendants.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
FIRST AND SECOND MOTIONS TO COMPEL [R. 100; R. 104]**

### I.   INTRODUCTION

Johnette Ford brought this action on behalf of her legally incapacitated adult son Tony Beard, Jr. against the City of Southfield and several current and former members of the Southfield Police Department ("defendants") for allegedly violating his constitutional rights in connection with a traffic stop.  Before the Court are two motions to compel discovery filed by Beard.  [R. 100; R. 104].  For the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** each of these motions.

## II. DISCUSSION

### A. Beard's First Motion to Compel [R. 100]

In his first motion to compel, Beard seeks responses to his Fourth Set of Interrogatories and Request for Production of Documents. [R. 100]. Below, the Court summarizes those requests and provides its disposition:

- Interrogatory 1: Identify the geographic boundaries of the City of Southfield/City of Southfield Police Department during the period of 2009 to 2013. [R. 107-3, PgID 1721].
    - Disposition: Denied. The City of Southfield sufficiently responded by producing a map that outlines the boundaries of the City. [*Id.*, 1721 & 1728].
- Interrogatory 2: Specify the City of Southfield Police Department Policy Number, or the specific language contained therein, that describes the geographic boundaries that City of Southfield Police Department personnel were instructed to adhere to during the period of 2009 to 2013. [*Id.*, PgID 1721-22].

- Disposition: <u>Granted</u>. Defendants' objection that it has given Beard a full list of internal policies of the Southfield Police Department and several of the policies themselves is not a sufficient reason to refuse to specify whether any of the policies lay out the defendants' jurisdiction or geographic boundaries since defendants do not contend that specifying any such policy would be unduly burdensome. The Court rejects defendants' objection to relevance based upon its own litigation position that the *Heck* doctrine applies. *See Lucas v. Protective Life Ins.* Co., No. CIV.A.4:08CV00059-JH, 2010 WL 569743, at *3 (W.D. Ky. Feb. 11, 2010) (rejecting argument that underwriting materials were not discoverable based upon the insurer's "unilateral decision that these other guidelines are not relevant to the claims and defenses in this action."). Defendants have not set forth a

3

> valid objection to this request and must provide Beard with this information by **June 3, 2016**.

- Interrogatories 3 and 4: Identify what exceptions, if any, City of Southfield police officers were allowed to pursue an individual outside of their geographic boundaries during the period of 2009 to 2013, and specify the statutory authority for those exceptions. [*Id.*, PgID 1722-23].
    - o Disposition: Granted in Part. The Court construes this as a "contention interrogatory" under Federal Rule of Civil Procedure 33(a)(2) which states, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact . . . ." "The general view is that contention interrogatories are a perfectly permissible form of discovery, to which a response ordinarily would be required." *Starcher v. Corr. Med. Sys., Inc.*,

4

> 144 F.3d 418, 421 n. 2 (6th Cir. 1998). Thus, defendants must specify the legal bases for their claim that they were authorized to operate outside of the City of Southfield boundaries when pursuing and arresting Beard in September 2011. However, the Court denies Beard's broadly drafted request for every exception to operating within the City's boundaries from 2009 to 2013. Defendants' relevance objection due to the *Heck* doctrine is rejected as being based upon their own litigation position. Defendants must provide Beard with the more limited information described above by **June 3, 2016.**

- Interrogatory 5: Identify the number of instances from 2009 to 2013 that a Southfield police officer traveled outside of the City of Southfield's geographic boundaries to stop someone who had not yet entered the City's boundaries. [*Id.*, PgID 1724-25].

5

- o Disposition: <u>Denied</u>. The City of Southfield responded that it did not maintain such records or statistics. [*Id.*, PgID 1725]. In his reply brief, Beard cites evidence that the City of Southfield maintains records of all of its police reports, arrest reports, incident reports, citation reports, etc. [R. 112, PgID 1885-86]. However, Beard's request broadly requests records and statistics for every stop, whether or not it resulted in an arrest or incident report. Moreover, Beard has failed to articulate how requiring the City to filter through *every* police record from 2009 to 2013 to find instances where an officer traveled outside City limits, and then redact any sensitive portions of those records, would result in discovery that is both relevant and "proportional to the needs of the case." Fed. R. Civ. 26(b)(1).
- <u>Request for Production of Documents 1</u>: With respect to the answer to Interrogatory 5, produce

>       copies of all police reports of stops where an officer traveled outside of the geographic boundaries of Southfield to make the stop.  [R. 107-3, PgID 1725].
>
>       o Disposition: <u>Denied</u>.  Same as Interrogatory 5.
>
> - <u>Interrogatory 6</u>: With regard to Interrogatory 5 and Request for Production 1: (a)  what department with the City of Southfield collects, maintains and stores that information; and (b) if the information sought in Request for Production 1 is unavailable, please explain why.
>
>       o Disposition: <u>Denied</u>.  Same as Interrogatory 5.

Beard's first motion to compel [R. 100] is GRANTED IN PART and DENIED IN PART, as outlined above.

**B.    Beard's Second Motion to Compel [R. 104]**

In his second motion to compel, Beard seeks responses to his Fifth Request for Production of Documents.  [R. 104].  Below, the Court summarizes those requests and provides its disposition:

- <u>Request for Production of Documents 1</u>: With respect to the deposition testimony of Chief of Police Eric Hawkins and Retired Deputy Chief Jeffrey Tinsman, provide the following

7

materials:

- (a) A complete and unredacted copy of the City of Southfield Police Department's Internal Investigation Folder related to Beard's traffic stop and subsequent Citizen's Complaint. [R. 104-2, PgID 1668].
    - Disposition: Denied. Beard previously requested the Internal Investigation folder and the City of Southfield produced a redacted version on December 21, 2015. [R. 109-3, PgID 1808-1810, 1821-42]. Beard did not object to the redacted version. Instead, he served another discovery request asking for an unredacted copy. In its response to Beard's motion to compel, the City of Southfield provides case law supporting its right to redact portions of the Internal Investigation folder [R. 109, PgID 1784-88], and Beard fails to even discuss the privilege issue or the fact that the City previously produced a redacted copy.
- (b) A copy of the specific law and/or practice established through the Police Department's policies that was in effect

on the date of the underlying traffic stop, September 6, 2011, which Chief of Police Eric Hawkins and Retired Deputy Chief Jeffrey Tinsman testified gave Southfield police officers authority to act outside the City of Southfield's geographic boundaries.

- Disposition: <u>Granted</u>. The Court rejects defendants' relevancy objection to the request for specific authority that supports Chief Hawkins and Deputy Tinsman's contention that officers were authorized to act outside of City of Southfield boundaries. This request does not equate to asking defendants to conduct research on Beard's behalf; it is asking for the authority supporting defendants' contentions. The City of Southfield must provide Beard with any such written authority that is within its possession, custody or control by **June 3, 2016**.

Beard's second motion to compel [R. 104] is GRANTED IN PART and DENIED IN PART, as explained above.

### III. CONCLUSION

For the foregoing reasons, Beard's motions to compel [R. 100; R.

9

104] are **GRANTED IN PART** and **DENIED IN PART**, as specified above.

Pursuant to E.D. Mich. LR 72.2, the filing of an appeal to the District Judge does not stay defendants' obligation to comply with this Order.

**IT IS ORDERED**.

                                          s/Elizabeth A. Stafford
                                          ELIZABETH A. STAFFORD
                                          United States Magistrate Judge

Dated: May 27, 2016

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties' attention is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days from the date of receipt of a copy of this order within which to file objections for consideration by the district judge under 28 U.S. C. §636(b)(1). Unless ordered otherwise by the Court, the filing of an appeal to the District Judge does not stay the parties' obligations in this Order. *See* E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 27, 2016.

                                          s/Marlena Williams
                                          MARLENA WILLIAMS
                                          Case Manager