UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY DEWAYNE BEARD, JR., a legally
incapacitated person, by and through
JOHNETTE FORD, his legal guardian,

        Plaintiff,

v.

CITY OF SOUTHFIELD, et. al.,

        Defendants.
_____/

Case No. 14-13465

Honorable Nancy G. Edmunds

**OPINION AND ORDER ADOPTING IN PART THE MAGISTRATE JUDGE'S
SEPTEMBER 13, 2016 REPORT AND RECOMMENDATION [146] AND GRANTING
IN PART DEFENDANTS' MOTION FOR SANCTIONS [99]**

Defendants have moved for sanctions against Plaintiff's counsel, Johnny Hawkins,

and Plaintiff's guardian, Johnette Ford, and Magistrate Judge Elizabeth Stafford has

provided the Court a Report and Recommendation ("R&R") on Defendants' motion.  For

the reasons set forth below, the Court ADOPTS IN PART the R&R, GRANTS IN PART

Defendants' motion, and orders the following sanctions: (1) Hawkins must reimburse

Defendants half the reasonable expenses they incurred in litigating the motion; (2) Plaintiff's

claim for deliberate indifference is stricken; and (3) Ford cannot testify in Plaintiff's case in

chief.

**I. Background**

The R&R provides an extensive factual background, and the Court, having reviewed

the record *de novo*, adopts that background here.  (*See* Dkt. 146, at 3-17.)  To summarize,

Hawkins and Ford abused discovery procedures, and Defendants seek a variety of

sanctions, including dismissal.  Hawkins' misconduct included but was not limited to: (1) violating the certification requirements of Federal Rule of Civil Procedure 26(g); (2) raising a frivolous privilege objection; (3) filing a misleading response to a motion to compel; (4) failing to present materials at a deposition; and (5) failing to reveal that Ford withheld documents from production until pressed by the Court.  (*See id.*) Ford's misconduct included: (1) lying during her deposition; (2) testifying while high on medication; (3) altering documents; (4) destroying documents; (5) and withholding documents from both Hawkins and the Court. (*See id.*)

Hawkins has objected that he did not receive a full and fair opportunity to defend himself on Defendants' motion for sanctions, so a brief history of the recent proceedings follows.  Before the Magistrate Judge issued the R&R, she held two evidentiary hearings on Defendants' motion.  The first hearing, conducted on June 1, 2016, covered the conduct of Hawkins (Dkt. 133), while the second, conducted on August 3, 2016, related to Ford.[1] (Dkt. 145.)   At the outset of the August hearing on Ford's conduct, the Magistrate Judge, having reviewed the evidence from the June hearing about Hawkins, ruled orally that Hawkins must pay half of Defendants' reasonable costs.  (Dkt. 145, at 13-20.)   The Magistrate Judge then commenced hearing evidence against Ford.

The Magistrate Judge has since recognized that she "was mistaken" in issuing an oral ruling because Defendants' motion requests dismissal, necessitating review by this

---

[1] The Magistrate Judge explained that she bifurcated these hearings to avoid creating a conflict of interest between Ford and Hawkins.  (Dkt. 146, at 9.)  The Court agrees that this was proper in light of *Garner v. Cuyahoga Cty. Juvenile Court*, 554 F.3d 624, 636 (6th Cir. 2009) ("Courts must be particularly careful in conducting hearings to determine whether sanctions should be imposed against both plaintiffs and their attorneys ....").

Court.  (Dkt. 146, at 14-15; *see also* 28 U.S.C. 636(b)(1).)  Accordingly, in September, she prepared the R&R adopted in part here.  The R&R, which accounts for the evidence presented at both hearings, ultimately recommends the same financial sanction for Hawkins that the Magistrate Judge announced orally at the second hearing.  (Dkt. 146, at 31.)

The R&R also concludes that: (1) Hawkins' conduct was sanctionable pursuant to Federal Rules of Civil Procedure 26 and 37; and (2) Hawkins and Ford should both be sanctioned under the Court's inherent authority.  (*Id.* at 2.)  It further recommends the following sanctions: (1) ordering Hawkins to reimburse Defendants for half of the reasonable expenses they incurred litigating their motion for sanctions; (2) ordering that Ford be replaced as guardian; (3) ordering that Plaintiff's claim for deliberate indifference be stricken; (4) ordering that Ford cannot testify in Beard's case in chief; and (5) denying Defendants' request for dismissal.  (*Id.* at 31.)

Hawkins, Ford, and Defendants have all filed objections to the R&R.  (Dkt. 147-48, 152.)  For the reasons that follow, the Court adopts in part the Magistrate Judge's R&R and orders the following sanctions: (1) Hawkins must reimburse Defendants half the reasonable expenses they incurred in litigating the motion; (2) Plaintiff's claim for deliberate indifference is stricken; and (3) Ford cannot testify in Plaintiff's case in chief.  The Court does not order dismissal.

## II. Applicable Law

### A. Standard of Review

When a party objects to portions of a magistrate judge's report and recommendation, the Court reviews such portions *de novo*.  Fed. R. Civ. P. 72(b).  However, only specific

objections that pinpoint a source of error are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections, or those that merely challenge the magistrate judge's ultimate determinations, have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are invalid, and the Court must treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*). Furthermore, *de novo* review applies "only to matters involving disputed facts," not arguments regarding the appropriate legal standard. *Mira*, 806 F.2d at 637 (internal quotation marks and citations omitted).

## III. Analysis

### A. Hawkins' Objections

Hawkins enumerates fifteen objections; however, the Court can discern only six distinct objections, and it overrules all six of them for the reasons below.

First, in various forms throughout objections numbered 1-2, 4, 6, 8-13, and 15, Hawkins objects to the Magistrate Judge's findings that: (1) he is subject to sanctions under the Rules 26 and 37; and (2) he and Ford are subject to sanctions under Court's inherent authority. Given that these objections amount to general objections to the R&R, they are invalid, and the Court overrules them because they have no merit. *Howard*, 932 F.2d at 509.

Second, Hawkins objects throughout objections numbered 2, 4, and 5 that he should not be sanctioned because "he did the best he could" to follow discovery rules. (Dkt. 147, at 5-6.) However, Hawkins does not point to any portion of the record to support this objection, nor does he identify an erroneous citation or application of law. This objection

4

in all its forms is therefore invalid, and it is also overruled because it has no merit. *Mira*, 806 F.2d at 637.

Next, in "Objection #3," Hawkins objects that he did not have a full and fair opportunity to defend himself during this motion for sanctions. (Dkt. 147, at 6-7.) In particular, Hawkins argues that he was prejudiced by the Magistrate Judge's issuing an oral ruling regarding financial sanctions for him *before* she heard all of the evidence regarding Ford's conduct. The Court, having examined the record *de novo*, overrules this objection for two reasons. First, any prejudice Hawkins might have suffered from that oral ruling has been remedied by the Magistrate Judge's subsequent preparation of a written R&R that accounts for the evidence heard at both hearings. Second, even if the second hearing had no bearing on the Magistrate Judge's ultimate recommendation on financial sanctions, Hawkins had ample opportunity to present his case at the first hearing. Hawkins was represented by an attorney, had an opportunity to testify, and had the opportunity to question Ford. (Dkt. 133.) Accordingly, the record shows that Hawkins had a full and fair opportunity to defend himself on the motion, and his third objection is overruled.

Fourth, in "Objection #7" and "Objection #14," Hawkins objects to the Magistrate Judge's finding that he violated his duty of candor to the Court. Reviewing the record *de novo*, the Court agrees with the Magistrate Judge that Hawkins violated his duty of candor. Hawkins obstructed the truth by submitting a frivolous privilege objection, filing a misleading response to a motion to compel, failing to present materials at a limited deposition, and failing to reveal that Ford withheld documents from production until pressed by the Court. Therefore, this objection is also overruled.

5

Fifth, in "Objection #8" (the only objection for which Hawkins cites to the record), Hawkins objects to the Magistrate Judge's observation that Ford's deposition testimony "suggests that [Hawkins'] inquiry [prior to Ford's first deposition] was insufficient."  (Dkt. 147, at 14-15 (quoting Dkt. 146, at 21).)  Hawkins argues that Ford's testimony "should have not, in and of itself," compelled the Magistrate Judge to recommend that he be sanctioned.  (Dkt. 147, at 17.) The Court overrules this objection because the Magistrate Judge did not base her recommendation for sanctions on the quoted statement; the R&R even states  that it "is *unclear* whether Hawkins conducted a reasonable inquiry ...." (Dkt. 146, at 20) (emphasis added).  Instead, the Magistrate Judge's recommendation is based on Hawkins' clear violations of Rules 26(g) and 37.  Therefore, Hawkins' objection to the cited portion of the R&R  is irrelevant and overruled.

Finally, in "Objection #14," Hawkins appears to argue that the Magistrate Judge applied the wrong legal standard in recommending that he could be sanctioned under the Court's inherent authority.  (Dkt. 147, at 21).  The Court overrules this objection for two reasons.  First, the standard Hawkins cites, which appears in *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501 (6th Cir. 2002), does not apply to this case. *Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016) (holding that the *First Bank* standard applies only in cases where the plaintiff has filed a frivolous lawsuit).  The proper test for this case, where the alleged bad faith involves an attorney's failure to comply with a court order, "is whether [counsel] showed 'bad faith by ... hampering [the] enforcement of a court order.'"  *Williamson*, 826 F.3d at 297 (6th Cir. 2016) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991)).  And, under this test, the Court agrees with the Magistrate Judge that there are ample grounds for sanctioning Hawkins under the

6

Court's inherent authority.  For example, Hawkins hampered the enforcement of a court order by filing a misleading objection to the motion to compel.

Second, even if Hawkins' conduct did not justify sanctions under the Court's inherent authority, Hawkins' conduct would remain sanctionable under Rule 26(g).  Rule 26(g) "requires a court to impose sanctions for any violation without 'substantial justification.'" *Jones v. Illinois Central R. Co.*, 617 F.3d 843, 854 (6th Cir. 2010) (citing Fed. R. Civ. P. 26)).  Hawkins has not offered evidence of any substantial justification for his violation. Accordingly, Hawkins' final objection lacks legal and factual support, and it is overruled.

### B. Ford's Objections

Ford lists thirty-two objections across sixty-two pages (Dkt. 152), but she never raises a substantive challenge to a specific provision of the R&R, despite being advised by the Magistrate Judge to do so.  (*See* Dkt. 146, at 32.)  Instead, Ford emphasizes irrelevant facts and matters outside the record, insists on the accuracy of her assertions, bemoans Defendants' litigation strategy, and challenges opposing counsel's moral and ethical strictures.  She also demands repeatedly that Defendants' motion be dismissed as a fraud on the Court, objects to how the Magistrate Judge conducted the proceedings, and criticizes the R&R generally.[2]  Given Ford's failure to file a specific substantive objection, as well as the lack of legal and factual support for her arguments, the Court treats her filing as a failure to object entirely.  *Howard*, 932 F.2d at 509; *see also McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (holding that pro se plaintiff waived right to appeal a

---

[2] The Court notes that it has the authority to sanction Ford: "[I]nherent power is not limited to sanctioning attorneys only; we can sanction a party as well."  *Stalley v. Methodist Healthcare*, 517 F.3d 911 (6th Cir. 2008) (internal citations omitted).  And the Court "should not shrink from exercising it when sanctions are justified by the circumstances."  *Id.*

7

report and recommendation where he filed a "rambling" 143-page objection devoid of legal and factual support).  Accordingly, Ford's objections are all overruled.

### C. Defendants' Objections

Defendants object to the R&R on three grounds.  (Dkt. 148.)  First, they object that dismissal is the only appropriate sanction, and Defendants point to several facts on the record that they believe compel dismissal of this case.  (*Id.* at 9-19.)  The Court, having reviewed the record *de novo*, adopts the Magistrate Judge's analysis regarding dismissal in its entirety (*see* Dkt. 146, at 27-31) and agrees that dismissal is not warranted.

To review, the Magistrate Judge noted correctly that courts in the Sixth Circuit consider four factors when deciding whether dismissal is an appropriate sanction: (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) the availability of less drastic sanctions.  (*See id.*; *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997).)  The Magistrate Judge then concluded reasonably that dismissal would be too harsh a sanction where the legally incapacitated Plaintiff Beard did not contribute to the discovery abuses, Hawkins was not stubbornly disobedient or willfully contemptuous, Ford's conduct might have resulted

8

from mental deficits,[3] and the prejudice to Defendants was not apparent.  (Dkt. 146, at 31.)

Given that the Court agrees with the Magistrate Judge's conclusion regarding dismissal, Defendants' first objection is overruled.  *See Carpenter v City of Flint*, 723 F3d 700, 704 (6th Cir. 2013) ("[W]e have increasingly emphasized directly sanctioning the delinquent lawyer rather than an innocent client ... because dismissing a plaintiff's case with prejudice deprives a plaintiff of his day in court due to the inept actions of his counsel.") (internal citations and quotation marks omitted); *Beil v. Lakewood Eng'g and Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) ("Dismissal is the sanction of last resort."); *United States v. Shaffer Equip Co.*, 11 F.3d 450, 462 (4th Cir. 1993) ("Since orders dismissing actions are the most severe, such orders must be entered with the greatest caution.").

Next, Defendants argue that the proposed financial sanction is improper because it provides Defendants with only half of the costs to which they are entitled.  (Dkt. 148, at 20-24.)  The Court disagrees for two reasons.  First, the discretion afforded this Court under the Rules of Civil Procedure is broader than Defendants suggest.  While Rule 26 mandates sanctions for violations, it uses the permissive "may" when outlining the type of sanction a court should order: "The sanction *may* include an order to pay the reasonable expenses, including attorney's fees, caused by the violation."  Fed. R. Civ. P. 26(g)(3) (emphasis added);  *see also Rojas v. Town of Cicero, Ill.*, 775 F.3d 906, 909

---

[3] Neither the Court nor the Magistrate Judge has made a finding that Ford in fact suffered from mental deficits, for such analysis falls outside our expertise.  However, in considering the drastic remedy of dismissal, the Court believes that the evidence suggesting Ford suffered from cognitive limitations should bear some weight.

(7th Cir. 2015) (When imposing Rule 26 sanctions, "[i]dentifying the 'appropriate' sanction is a task for the district court. It could be money, but it also could be a formal (and public) reprimand or censure.").

Similarly, while Fed. R. Civ. P. 37(a)(5)(A) provides that the court *must* require the party whose conduct necessitated the motion for sanctions to pay the movant's reasonable expenses, it also states the following: "But the court *must not* order this payment if: ... (iii) other circumstances make an award of expenses unjust." *Id.* (emphasis added); *see also Laukus v. Rio Brands, Inc.*, 292 F.R.D. 485, 509 (N.D. Ohio 2013) ("Having concluded that [] conduct ... is sanctionable, the Court must determine the appropriate penalty—one that will adequately compensate defendants, and deter future litigants and counsel from engaging in similar discovery misconduct."). The language in both rules thus indicates that the Court has flexibility when ordering financial sanctions, regardless of whether the Court is relying on Rule 26 or Rule 37.

Second, the Sixth Circuit recently clarified that sanctions for discovery abuses are not meant to be solely restitutive; that is, courts should not order sanctions aimed only toward reimbursing the wronged party. *Williamson*, 826 F.3d at 305. Instead, "[i]t is well established under Supreme Court and Sixth Circuit precedents that a court's inherent power to sanction serves a punitive purpose, based on the need to deter misconduct and vindicate the court's authority." *Id.*

Therefore, neither the Rules of Civil Procedure nor case law compels the Court to award all the costs Defendants have incurred in litigating this motion. The Court has broad discretion to fashion punitive sanctions (*id.* at 306), and the Court believes that the Magistrate Judge correctly concluded that ordering Hawkins to pay only half of

10

Defendants' costs--and Ford to pay none--is appropriate.  (*See* Dkt. 146, at 25.)  As the Magistrate Judge stated, "Ford's conduct was the primary cause" of the events that prompted Defendants' motion for sanctions  (*id.*), so Hawkins should not be held totally responsible.  At the same time, assessing costs to Ford seems inequitable given the evidence of what the Magistrate Judge fairly characterizes as "neurologic limitations and confusion."[4]  (*Id.* at 26.)  Accordingly, Defendants' second objection is overruled.

Finally, Defendants argue that a sanction removing Ford as guardian is both insufficient and beyond the Court's authority.  (Dkt. 148, at 25-26.)  The Court agrees with the latter contention and finds that it does not have jurisdiction to order that Ford be replaced as guardian.  *See Sorrentino v. Barr Laboratories, Inc.*, 397 F. Supp. 2d 418, 423 (W.D.N.Y. 2005) (holding that district court did not have jurisdiction to enter order replacing person as guardian and representative); *Todd v. Garrison*, 417 F. Supp. 97, 102 (E.D. Mo. 1976) (holding that party contesting appointment of guardian must bring challenge before the Probate Court: "A collateral attack upon the appointment before this Court ... is impermissible.").  Accordingly, the Court must reject the Magistrate Judge's recommendation that Ford be replaced as guardian.

However, the Court disagrees with Defendants' argument that another sanction must be ordered.  The remaining sanctions recommended by the Magistrate and ordered by the Court suffice both as penalties for the misbehaving parties and as expressions of the importance of adherence to discovery rules.

---

[4] Again, the Court is not making a finding that Ford suffers from mental deficits.  It is merely accounting for the evidence of Ford's disorientation as it considers the most appropriate sanctions.

11

**IV. Conclusion**

For the foregoing reasons, the Court ADOPTS IN PART the Magistrate Judge's R&R and GRANTS IN PART Defendants' motion for sanctions.  The Court orders the following sanctions: (1) Hawkins must reimburse Defendants half the reasonable expenses they incurred in litigating the motion; (2) Plaintiff's claim for deliberate indifference is stricken; and (3) Ford cannot testify in Plaintiff's case in chief.

SO ORDERED.


s/Nancy G. Edmunds\
Nancy G. Edmunds\
United States District Judge

Dated:  November 3, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 3, 2016, by electronic and/or ordinary mail.

s/Carol J. Bethel\
Case Manager