UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY DEWAYNE BEARD, JR., a legally
incapacitated person, by and through
JOHNETTE FORD, his legal guardian,

Case No. 14-13465

Honorable Nancy G. Edmunds

    Plaintiff,

v.

CITY OF SOUTHFIELD, et. al.,

    Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [165] AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT [118]**

Plaintiff Tony Beard filed this action claiming that Defendant City of Southfield and ten of its police officers violated several of his constitutional rights. Defendants now move for summary judgment on most of Plaintiff's claims (Dkt. 118), and Magistrate Judge Elizabeth Stafford has provided this Court a Report and Recommendation (R&R) regarding Defendants' motion. (Dkt. 165.) The Magistrate Judge recommends that the motion for partial summary judgment be granted in part and denied in part. (*Id.*) Both parties have filed objections to the R&R. (Dkt. 168; Dkt. 171.) For the following reasons, the Court OVERRULES both parties' objections, ACCEPTS AND ADOPTS the R&R, and GRANTS IN PART and DENIES IN PART Defendants' motion for partial summary judgment.

**I. Background**

The R&R provides an extensive factual background, and the Court, having reviewed the record *de novo*, adopts that background here. (*See* Dkt. 165, at 2-10.) To summarize,

Plaintiff suffered injuries after he led Southfield police on a high-speed car chase that ended in Plaintiff's arrest. Plaintiff then filed suit in this Court alleging that the City of Southfield and ten of its officers violated his constitutional rights during and leading up to his arrest. As to the officers specifically, Plaintiff asserts Fourth Amendment claims of unlawful seizure and excessive force; Eight Amendment claims of cruel and unusual punishment; and Fourteenth Amendment claims for the denial of equal protection, violations of substantive due process, and deliberate indifference to his medical needs. (Dkt. 18 at ¶¶ 41, 47.) As to the City of Southfield, Plaintiff asserts claims of failure to train and failure to supervise. (*Id.* at ¶¶ 32-33.)

Before the Court now is the Magistrate Judge's R&R on Defendants' motion for partial summary judgment. Defendants seek summary judgment on each of Plaintiff's claims except the excessive force claims related to Plaintiff's arrest against Katie Schneider, Matthew Taylor, Eric Jachym, and Timothy Gougeon. (Dkt. 118, at 20.) In the time since Defendants filed their motion, the Court already struck Plaintiff's Eight Amendment claim as a sanction for Plaintiff's discovery abuses. (Dkt. 155.)

The R&R recommends that Defendants' motion for partial summary judgment be granted in part and denied in part. More specifically, the Magistrate Judge recommends that the Court grant summary judgment on all of Plaintiff's claims but the following: (1) the excessive force claims arising out of Plaintiff's arrest against Ryan Losh and Kory Karpinsky; (2) the equal protection claim against Taylor related to the use of a racial epithet; and (3) the claims which Defendants have not challenged--excessive force claims arising out of Plaintiff's arrest against K. Schneider, Taylor, Jachym, and Gougeon. (Dkt. 165, at 30.) Plaintiff and Defendants have both filed objections to the R&R.

2

**II. Standard of Review**

When a party objects to portions of a magistrate judge's report and recommendation on a dispositive motion, the Court reviews such portions *de novo*. Fed. R. Civ. P. 72(b). However, only specific objections that pinpoint a source of error are entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). General objections, or those that merely challenge the magistrate judge's ultimate determinations, have "the same effects as would a failure to object." *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). That is, such objections are invalid, and the Court must treat them as if they were waived. *See Bellmore-Byrne v. Comm'r of Soc. Sec.*, 2016 WL 5219541, at *1 (E.D. Mich. Sept. 22, 2016) (citing *id.*).

**III. Analysis**

**A. Plaintiff's Objection**

Plaintiff objects to the Magistrate Judge's conclusion that the Amended Complaint did not provide Jason Schneider fair notice of an excessive force claim against him. (Dkt. 168, at 4.) In support, Plaintiff directs the Court's attention to particular allegations in the Amended Complaint, which, according to Plaintiff, compel a different conclusion.[1] Given that this objection merely challenges the Magistrate Judge's ultimate determination, the Court may and does treat it as waived. *Howard*, 932 F.2d at 509. However, even if the Court evaluated Plaintiff's objection on the merits, it would still fail.

---

[1] Plaintiff also invites the Court to consider evidence suggesting that J. Schneider kicked him in the head, but this evidence has no bearing on whether Plaintiff sufficiently pled an excessive force claim against J.Schneider. *See McColman v. St. Clair Cnty.*, 479 F. App'x 1 (6th Cir. 2012) (rejecting plaintiff's argument that discovery could put defendant on notice that he was subject to an excessive force claim). The Court further notes that Plaintiff could have sought leave to amend his pleadings to reflect this evidence but did not do so.

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." According to the Supreme Court, this requires giving "fair notice" of the claim and "the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Complaints do not provide fair notice if they offer only "nebulous assertions of wrongdoing." *Robertson v. Lucas*, 753 F.3d 606, 623 (6th Cir. 2014). As to constitutional claims specifically, "[The Sixth Circuit] has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis in original).

Having reviewed the Amended Complaint, the Court believes that the R&R correctly concludes that Plaintiff did not provide J. Schneider fair notice of an excessive force claim against him. While the Amended Complaint includes general claims that all ten named officers violated Plaintiff's constitutional rights, it never ascribes particular conduct to J. Schneider demonstrating that he violated Plaintiff's right to be free from excessive force. Instead, the Amended Complaint's allegations regarding J. Schneider's involvement in the alleged use of excessive force are nebulous, generic, and opaque. (Dkt. 18 at ¶¶ 10-12; 24; 27-28; 38-40.)

For example, one allegation cited by Plaintiff does not mention J. Schneider at all, even though it names eight other officers. (*Id.* at ¶ 24.) Another cited portion is impermissibly vague: "[T]he actions of the Co-Defendant Officers ... lead [sic] to OFFICERS- J. JAGILESKI [sic] and J. SCHNEIDER, following and harassing him, and

4

ultimately: a wrongful high speed chase and vehicular pursuit; assault and physical conduct, including tasing[.]" (*Id.* at ¶ 27.) It continues with no more particularity: "[T]he actions described above ... constituted clear violations of his constitutional rights to ... not become subject to the excessive use of force and/or of deadly force under the Eighth Amendment." (*Id.* at ¶ 28.) Given the generality of these allegations, the deficiency of the Amended Complaint is manifest on the face of Plaintiff's pleading. Therefore, if the Court were to decide this objection on the merits, it would agree with the Magistrate Judge that Plaintiff failed to provide J. Schneider fair notice of an excessive force claim against him. *Twombly*, 550 U.S. at 555; *Lanman*, 529 F.3d at 684; *see also Dunchock v. City of Corunna*, 2015 WL 1130980, at *3 (E.D. Mich. Mar. 12, 2015) (holding that simply incorporating prior allegations and referencing general tort law did not provide fair notice).

### B. Defendants' Objections

Defendants object to three portions of the R&R. First, Defendants object to the finding that "Defendants do not claim that they feared that Beard would harm them." (Dkt. 171, at 2.) Defendants argue that this finding is unsupported by the record. Having reviewed the record *de novo*, this Court disagrees. Defendants maintain that K. Scheider "did not, however, say that she did not fear [Plaintiff]." (*Id.*) But the R&R does not state that any officer expressed a lack of fear. Instead, the R&R finds that no officer expressed an affirmative fear. That is an entirely different finding, and it is one supported by the record. Defendants' first objection is accordingly overruled.

Defendants next object to the following finding: "[A]t this juncture, it would appear that the officers' efforts were focused on halting [Plaintiff]'s resistance, not on protecting themselves." (Dkt. 171, at 3.) Defendants argue that this finding is unsupported by the

5

record. Having reviewed the record *de novo*, the Court again disagrees. K. Schneider testified that Plaintiff was "not assaultive but resisting." (138-13, at 13.) She then reiterated: "[H]e wasn't being assaultive, he was just fighting to try to get away still." (*Id.* at 14.) In light of this testimony, the Court finds that the record supports the R&R's finding. Therefore, Defendants' second objection is also overruled.

Finally, Defendants object to the conclusion that a jury must consider "the evidence that Beard posed no immediate threat to [Defendants] as demonstrated by the fact that K. Schneider put her gun away." (Dkt. 171, at 4.) Defendants contend that this conclusion is based on "an incomplete view of the facts," which ignores the "'dangerous and complex world'" that K. Schneider faced at the time. (*Id.* (quoting *Smith v. Freland*, 954 F.2d 343, 347 (6th Cir. 1992)).) Having reviewed the record *de novo*, as well as the context in which this conclusion appears, the Court finds that this objection lacks merit. While it is true that K. Schneider did not simply put her gun away, as she then equipped her taser (Dkt. 18-13, at 15), the holstering of her gun still tends to show that Plaintiff did not pose an immediate threat. It may not be conclusive proof that the officers used excessive force, but the R&R never suggests that this fact carries dispositive weight. Instead, the R&R correctly concludes that it is one piece of evidence that the jury will need to consider in evaluating Plaintiff's claims. The R&R states in full:

> [T]he jury must consider the crime known to the officers at the time (fleeing and eluding), the evidence that Beard posed no immediate threat to them as demonstrated by the fact that K. Schneider put her gun away, the evidence that he was no longer attempting to flee, [] Beard's claim that he was not resisting at the time that Losh and Karpinsky forcefully pulled him through the window opening, and [the allegation that] Losh forcefully placed Beard on the ground face-down. *Fox v. DeSoto*, 489 F.3d [227,] at 236 [(6th Cir. 2007)].

6

(Dkt. 165, at 23-24.) The Court believes the quoted passage accurately reflects the relevant facts and law. Therefore, Defendants' final objection is also overruled.

## IV. Conclusion

For the foregoing reasons, the Court OVERRULES both parties' objections; ACCEPTS and ADOPTS the Magistrate Judge's R&R; and GRANTS IN PART and DENIES IN PART Defendants' motion for partial summary judgment. As a result, the Court grants summary judgment in Defendants' favor on the following claims: substantive due process; unlawful seizure; excessive force as it relates to the car chase; excessive force pertaining to the arrest against J. Schneider, Jeffrey Jagielski, Blake Matatall, and Nicholas Smiscik; failure to intervene; equal protection as it pertains to racial profiling; equal protection related to the racial epithet against J. Schneider, Jagielski, Jachym, Gougeon, Losh, Matatall, Smiscik and Karpinsky; and municipal liability against the City of Southfield. Plaintiff's only remaining claims are the following: (1) excessive force claims related to Plaintiff's arrest against K. Schneider, Losh, Karpinsky, Taylor, Jachym, and Gougeon; and (2) an equal protection claim related to the racial epithet against Taylor.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: January 19, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 19, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager