UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY DEWAYNE BEARD, JR.,
a legally incapacitated person,
by and through JOHNETTE FORD,
his legal guardian,

        Plaintiff,                 Civil Action No. 14-13465
                                  Honorable Nancy G. Edmunds
v.                                  Magistrate Judge Elizabeth A. Stafford

ERIC HAWKINS, et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO ORDER
<u>ATTORNEY HAWKINS TO PAY $18,455.48 IN SANCTIONS</u>**

## I.    INTRODUCTION

In a November 2016 opinion and order, the Honorable Nancy G.

Edmunds granted in part defendants' motion for sanctions, [ECF No. 99],

and ordered attorney Johnny Hawkins to reimburse defendants for half the

reasonable expenses they incurred in litigating their motion for sanctions.

[ECF No. 155]. Defendants thereafter filed a bill of costs and requested

that Hawkins be ordered to pay them $40,582.79. [ECF No. 159]. Hawkins

filed a response, defendants filed a reply, and the Court held a hearing on

May 11, 2017. [ECF Nos. 166, 169]. For the reasons stated below,

Hawkins should be ordered to reimburse defendants $18,455.48.

## II.    AUTHORITY

Judge Edmunds found Hawkins' conduct to be sanctionable under

Federal Rules of Civil Procedure 26, 37 and the Court's inherent authority.

[ECF No. 155].  These violations entitle defendants to an award of

reasonable attorney's fees, using the "lodestar method."  *See Naji v.*

*Lincoln*, No. 13-10738, 2014 WL 6669278, at *1–2 (E.D. Mich. Nov. 24,

2014) (using lodestar method for Rule 37 sanctions); *Farmer v. Banco*

*Popular of N. Am.*, 791 F.3d 1246, 1259 (10th Cir. 2015) (using lodestar

method for sanctions under the court's inherent authority).  Under the

lodestar method, courts calculate reasonable attorney's fee awards by

"multiplying the proven number of hours worked by a court-ascertained

reasonable hourly rate."  *Ellison v. Balinski*, 625 F.3d 953, 960 (6th Cir.

2010).

Courts have held that, once the lodestar figure is derived, an upward

or downward adjustment is permitted based upon twelve factors first listed

in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th

Cir. 1974).[1]  *Geier v. Sundquist*, 372 F.3d 784, 792 (6th Cir. 2004) (citing

---

[1] Those factors are: "(1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the

*Hensley v. Eckerhart*, 461 U.S. 424 (1983)). But many of the *Johnson* "factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Hensley*, 461 U.S. at 434, n. 9. And more recently, the Supreme Court discouraged use of the *Johnson* factors except in rare or exceptional circumstances, deeming the lodestar method more objective and reiterating that "the lodestar figure includes most, if not all, of the relevant factors constituting a reasonable attorney's fee." *Perdue v. Kenny A. ex. rel. Winn*, 559 U.S. 542, 553 (2010) (citation and internal quotation marks omitted). There is a "strong presumption" that the lodestar figure is reasonable, and there are few circumstances in which it should be deemed inadequate. *Id.* at 554.

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 437. For the reasons that follow, the Court finds that defendants' bill of costs includes excessive rates and hours, and recommends a reduced award of costs.

---

circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases." *Johnson*, 488 F.2d at 717–19.

## III.  ANALYSIS

### A.

"A district court has broad discretion to determine what constitutes a reasonable hourly rate for an attorney." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).  A primary concern is that attorney's fees be reasonable, and not result in a windfall.  *Gonter v. Hunt Valve Co.*, 510 F.3d 610, 616–19 (6th Cir. 2007).  "It is essential that the judge provide a reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement."  *Perdue*, 559 U.S. at 558.

Defendants attach invoices for the work they assert they should be reimbursed for, but the amounts of fees billed to them are redacted.  [ECF No. 159-3].  They argue that they should be awarded attorney's fees based upon the local market rate, with enhancements.  [ECF No. 159, PageID 6226-32].  Relying on the 2014 Economics of Law Practice Attorney Income and Billing Rate Summary Report prepared by the State Bar of Michigan, defendants state that because of their attorneys' office location and firm size, and the fact that this is a civil rights case, the local market rate should be calculated at $276 per hour.  [*Id.*, PageID 6227; ECF No. 159-7].  They contend that this amount should be upwardly adjusted because of: the litigation involved skilled legal analysis; the obstructive

tactics underlying the motion for sanctions; the favorable result; the fact that the attorneys were diverted from other areas because of the prolonged litigation of the motion; the attorneys' exceptional accomplishments; and the attorneys' long-term relationship with their client, the city of Southfield. [ECF No. 159, PageID 6227-32; ECF Nos. 159-4, 159-5, 159-8, 159-9]. Defendants argue that, with these adjustments, their attorneys should be found to have the following hourly billable rates: Kali Henderson, $339.86; T. Joseph Seward, $493.57; Lindsey Peck, $347.43; and Michael Berger, $276.00. [*Id.*].

At the hearing, the Court inquired into the actual rates that defendants' attorneys charged Southfield and other clients. Defense counsel objected and argued that the actual rates are not material. She asserted that relying upon actual rates rather than market rates would

cause an unfair disadvantage to the attorneys.[2]  Over those objections, she

testified under oath that the attorneys bill Southfield $150 per hour,[3] and

charge new clients up to $275 per hour.  Defense counsel noted that

Southfield pays all attorneys with which it contracts $150 per hour.  So

defendants are asserting that their reasonable hourly rates are more than

twice as much as they actually bill Southfield.  This cannot be justified

under the law.

When attorney's fees are awarded to the prevailing party under fee-

---

[2] Attorney Kali Henderson also suggested that the Court was improperly developing Hawkins' claims for him, citing *Magnum Towing & Recovery v. City of Toledo*, 287 F. App'x 442, 449 (6th Cir. 2008).  In that opinion, the court noted that it is not its job to search through the record to develop a party's claims.  But the Court's inquiry into the actual amounts that the attorneys charge did not pertain to an evidentiary burden carried by Hawkins.  Rather it pertained to Southfield's burden of showing that the amounts of hourly rates it claims are legally reasonable and would not amount to a windfall.  *Hensley*, 461 U.S. at 437; *Gonter* 510 F.3d at 616–19 (6th Cir. 2007).  In exercising its broad discretion, the Court is not a rubberstamp for defendants' fee request, but instead is required to "provide reasonably specific explanation for all aspects of a fee determination, including any award of an enhancement."  *Perdue*, 559 U.S. at 558.

[3] Hawkins requested an evidentiary hearing to determine the actual amount that was billed to Southfield, but the Court finds that Henderson's statement under oath that Southfield was billed $150 per hour and the invoices that detail the time billed are sufficient, and that devoting more time and resources to this matter is not warranted.  "Evidentiary hearings are not required in attorney's fees determinations.  An evidentiary hearing is only one of several possible methods of determining a reasonable fee."  *Trustees for Michigan Laborers Health Care Fund v. E. Concrete Paving Co.*, 948 F.2d 1290 (6th Cir. 1991).

shifting statutes, such as 42 U.S.C. § 1988, the hourly rate is often derived by calculating the "prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In those cases, a reasonable attorney's fee is considered to be "'adequate to attract competent counsel, but ... [that does] not produce windfalls to attorneys.'" *Id.* at 897 (quoting S.Rep. No. 94–10011, p. 6 (1976)) (modifications supplied in *Blum*). Using the market rate "produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case." *Perdue*, 559 U.S. at 551 (emphasis in original).

But when the attorneys represent prevailing parties who have been billed by the hour, courts have looked to the actual hourly rate that they billed and/or the rates that those attorneys charge in general. *Kelley v. Metro. Cty. Bd. of Educ.,* 773 F.2d 677, 683 (6th Cir. 1985) ("[T]he attorney's normal hourly billing rate should be a key focal point in award determinations."); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 909–10 (6th Cir. 1991) (district court did not abuse its discretion in relying upon attorney's hourly rates rather than market rates in the community); *Gascho v. Glob. Fitness Holdings, LLC,* 822 F.3d 269, 280 (6th Cir. 2016) (lodestar figure based upon attorney's billed rates); *United States v. One Star Class*

*Sloop Sailboat built in 1930 with hull no. 721, named ""Flash II"*, 546 F.3d 26, 40–41 (1st Cir. 2008) ("[T]he rate that private counsel actually charges for her services, while not conclusive, is a reliable indicium of market value."); *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310–11 (7th Cir. 1996) ("The attorney's actual billing rate for comparable work is 'presumptively appropriate' to use as the market rate."); *Crescent Publ'g Grp., Inc. v. Playboy Enterprises, Inc.*, 246 F.3d 142, 151 (2d Cir. 2001) ("[F]or prevailing parties with private counsel, the actual billing arrangement is a significant, though not necessarily controlling, factor in determining what fee is 'reasonable.'").

And a review of prior cases applying the lodestar method reveals that private attorneys requesting an award of attorney's fees generally include their normal hourly rates and/or hourly rates for the litigation at issue within their proofs. *See, e.g.*, Gascho, 822 F.3d at 280 (declarations included billing rates for each counsel); *Pogue v. Nw. Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 1520432, at *3 (W.D. Ky. Apr. 25, 2017) (attorney presented the range of hourly rates at his firm, his usual hourly rate and the rate he charged for that action.). Defendants cited no opinions in which the billing amounts were redacted or any authority to support a privilege to redact those amounts.

The nature of the fee award is also relevant here, as attorney's fee awards in favor of prevailing plaintiffs in civil rights cases serve a different purpose than discovery sanctions. In *Blanchard v. Bergeron*, 489 U.S. 87, 93 (1989), the court found that "a contingent-fee contract does not impose an automatic ceiling on an award of attorney's fees," but that was because "hold[ing] otherwise would be inconsistent with [Section 1988] and its policy and purpose." *Id.* "The purpose of § 1988 is to ensure 'effective access to the judicial process' for persons with civil rights grievances." *Id.* at 95 (citation and internal quotation marks omitted). Congress intended that all defendants in civil rights cases covered by Section 1988 pay a reasonable fee to all prevailing plaintiffs without regard to what the plaintiff must pay his or her counsel. *Id.* at 94.

In contrast, the language of Rule 37(a)(5) indicates that the award of attorney's fees should be in the form of a reimbursement; a court may award the prevailing party "reasonable expenses *incurred* in making the motion, including attorney's fees." (Emphasis added). Thus, sanctions orders under Rule 37(a)(5) often use terminology that requires the losing party to "reimburse" the prevailing party. *See, e.g., Slep-Tone Entm't Corp. v. Karaoke Kandy Store, Inc.,* No. 1:10 CV 00990, 2011 WL 13131116, at *1 (N.D. Ohio July 7, 2011) ("Plaintiff is further ordered under Fed. R. Civ.

P. 37(a)(5)(A) to reimburse Defendants for the reasonable costs of making the Motion to compel, including attorneys' fees."); *FedEx Corp. v. United States*, No. 08-2423 MA/P, 2011 WL 2023297, at *11 (W.D. Tenn. Mar. 28, 2011) ("[T]he court orders Mr. Jones to reimburse the government for the attorney's fees and costs associated with filing this motion . . . ."); *LendingTree, LLC v. Zillow, Inc.,* No. 3:10-CV-439-FDW-DCK, 2013 WL 5476605, at *1 (W.D.N.C. Oct. 1, 2013) ("Plaintiff LendingTree, LLC shall reimburse Defendant NexTag, Inc. for its fees and expenses associated with filing" the motions); *Pracht v. Greenwood Motor Lines, Inc.,* No. 3:13-CV-529-RJC-DCK, 2015 WL 1268030, at *4 (W.D.N.C. Mar. 19, 2015) ("[T]he R+L Plaintiffs shall reimburse Defendant Saga Freight for its reasonable expenses, including attorney's fees, incurred in preparing" the motions); *Edward D. Ioli Trust v. Avigilon Corp.*, No. 2:10-CV-605-JRG, 2012 WL 5830711, at *4 (E.D. Tex. Nov. 16, 2012) ("Vigilant is further ORDERED to reimburse Plaintiffs for their costs and fees in bringing the matters contained in this Motion to the Court's attention."). And, in fact, Judge Edmunds' order requires Hawkins to "reimburse Defendants half the reasonable expenses they incurred in litigating the motion." [ECF No. 155, PageID 6206].

Of further note, the evidence in the record reveals that the hourly

amount that is adequate to attract competent counsel to represent

Southfield is $150 per hour, including highly skilled and accomplished

attorneys like those here.  It further makes no sense for defendants to

receive an enhancement because they were significantly (but not

completely) successful in prosecuting their motion for sanctions; their

success is what deems them entitled to sanctions and a further

enhancement would be redundant.

For these reasons, defendants' request to have their award of

attorney's fees be based upon the local market rate with significant

enhancements, and without regard to the actual amount billed, should be

rejected.  However, defendants do cite one factor that does merit an

enhancement above the hourly rate billed to Southfield: the obstructive

conduct that prolonged resolution of the motion for sanctions.  In an earlier

report and recommendation, the Court found:

> Hawkins' claim that the handwritten books were privileged,
> followed by his misrepresentation that Ford had claimed to
> have thrown out or destroyed them after converting them into
> electronic form, caused the Court and defense counsel to
> engage in a prolonged and needless effort to secure production
> of the personal journals and secure the truth about what
> happened to them.  His actions 'wasted judicial resources and
> ha[ve] diminished the ready availability of those resources to
> deserving litigants.  [He] exceed[ed] the bounds of advocacy
> open to counsel as [an] officer[ ] of the court.'  *Maier v. Orr*, 758
> F.2d 1578, 1584 (Fed. Cir. 1985).

[ECF No. 146, PageID 5884].  The time that defense counsel used in the needless efforts as described above could have been expended on other matters, including for clients who pay at a higher rate.  With that in mind, the Court finds that a $50 per hour enhancement is warranted, and thus recommends a finding that $200 per hour is reasonable.  Awarding more would amount to a windfall for defendants.

## B.

A court is required to review a prevailing party's claims regarding the hours it expended on the relevant matter, and "state with some particularity which of the claimed hours the court is rejecting, which it is accepting, and why.  Failure to provide such an explanation requires us to remand the case for further consideration."  *Sierra Club v. Hamilton Cty. Bd. of Cty. Comm'rs*, 504 F.3d 634, 645 (6th Cir. 2007) (citation and internal quotation marks omitted).  Courts review billing claims for "[e]xcessive, redundant, or otherwise unnecessary hours, or hours spent on unsuccessful claims," which are usually excluded from fee awards.  *Butcher v. Bryson*, No. 3:12-00251, 2014 WL 4385876, at *3 (M.D. Tenn. Sept. 5, 2014) (citing *Hensley*, 461 U.S. at 437).

Defendants aver that Henderson expended 182.4 hours, Seward

expended 33.8 hours, Peck expended 1.7 hours, and Berger expended 2.1 hours on litigating the motion, which totals 221.8 hours. They submit their redacted invoice in support. [ECF No. 159-3]. For the reasons that follow, the number of hours defendants claim should be deemed excessive.

There are two primary constraints on the number of hours for which Hawkins should be required to pay. First, as noted, Judge Edmunds ordered Hawkins to reimburse defendants for half the reasonable expenses they incurred "in litigating" the motion for sanctions, i.e., ECF No. 99. [ECF No. 155, PageID 6206]. Second, Hawkins should not be required to pay for defendants' unsuccessful efforts associated with litigating the motion for sanctions. In *Hensley*, the Supreme Court emphasized that courts should consider whether the prevailing party achieved only partial or limited success. "If . . . a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensley*, 461 U.S. at 436. Regardless of whether the "claims were interrelated, nonfrivolous, [or] raised in good faith . . . the most critical factor is the degree of success obtained." *Id.* at 436. Rule 37(a)(5)(C) likewise instructs courts to apportion the reasonable expenses for a motion that is only partially granted.

Applying these constraints, the Court finds that the following were not preparation for or components of the sanctions motion litigation:

- Review of correspondence, and analysis of Beard's responses to discovery requests in January 2016;

- Preparation of status reports to clients in February, March, June, July, August, September, October and November 2016;

- Review of email correspondence regarding Hawkins's alleged threat of a defamation lawsuit in April 2016;

- Review of Hawkins' motion to withdraw in November 2016.

Some of the time defendants billed for related to their motion to compel, in which they sought the same documents that were the subject of the motion for sanctions. [ECF No. 62]. Specifically, defendants requested logs, journals and notebooks that Beard's guardian, Johnette Ford, claimed in a deposition to possess ("the Ford documents"). [*Id.*]. Defendants requested sanctions under the discovery rules in that motion. [*Id.*, PageID 650]. The Court took the issue regarding the Ford documents under advisement, and ordered Ford to submit to a limited deposition to address inconsistencies between her deposition testimony and Beard's answers to a request to produce and the motion to compel. [ECF No. 72]. The motion for sanctions followed the limited deposition. [ECF No. 99]. Since the

motion to compel is interrelated with the motion for sanctions, defendants'
inclusion of hours spent litigating the motion to compel is warranted.
However, the motion to compel also sought a complete copy of Beard's
Facebook profile, which the Court denied. [ECF Nos. 62, 72]. Therefore,
only half of the time defense counsel spent preparing for and litigating the
motion to compel should be charged to Hawkins. [See ECF No. 159-3,
PageID 6250-56].

The primary aim of defendants' motion for sanctions was to have this
case dismissed, and as a secondary concern, they requested
reimbursement of costs and attorney's fees. [ECF No. 99, PageID 1366,
1376-81]. This Court recommended that their motion be granted in part
with the imposition of nonmonetary sanctions and Hawkins being ordered
to reimburse defendants for half of their reasonable expenses, but that
defendants' request for dismissal be denied and that Ford not incur
monetary sanctions. [ECF No. 146, PageID 5864-65]. Defendants
objected, arguing that dismissal was the only appropriate sanction, that
they were entitled to reimbursement in full of their expenses, and that the
recommended sanctions against Ford were insufficient. [ECF No. 148].
After considering those objections and the objections filed by Hawkins and
Ford, Judge Edmunds adopted this Court's recommendation with one

minor exception.[4]  [ECF No. 155].  Defendants' motion for sanction was, thus, only partially successful and awarding them reimbursement based upon all of the time they spent litigating that motion would be excessive. *Hensley*, 461 U.S. at 436-37; Rule 37(a)(5)(C).

Under these circumstances, when a court exercises its discretion to make an equitable judgment of the reasonable hours, "[t]here is no precise rule or formula." *Hensley*, 461 U.S. at 436.  "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 437.  Here, the Court recommends that defendants receive reimbursement for all of their hours litigating the motion for sanctions through the report and recommendation, and all of their hours responding to Hawkins' and Ford's objections.  [ECF No. 159-3, PageID 6257-79, 6284-86].  But Hawkins should not be required to reimburse defendants for their unsuccessful objections.  [*Id.*, PageID 6281-82].

This leaves for consideration the times that defendants spent preparing their bill of costs.  [*Id.*, PageID 6288].  Those hours are

---

[4] With Ford's stipulation, the Court had recommended that she be removed as Beard's guardian, but Ford withdrew from that stipulation and Judge Edmunds found she did not have the authority to remove Ford as guardian. [ECF No. 155, PageID 6205].

reimbursable.  *McCarthy v. Ameritech Pub., Inc.*, 763 F.3d 488, 494 (6th Cir. 2014) (Rule 37 provisions "encompass reasonable attorney's fees and costs associated with the preparation and presentation of the fee application."); *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 910 (6th Cir. 1991) (cost of preparing fee application included in attorney's fee award).

The chart below eliminates the time described above that was not spent "in litigating" the sanctions motion and the time spent on defendants' objections to the report and recommendation.  In addition, the chart halves the hours spent on the motion to compel.  These modifications render a finding that defendants' fee award should be based upon 177.95 hours which, when multiplied by $200 per hour, equals $35,590.00.

| Category | Total Hours | Reasonable Hours | Reasonable Fee |
|---|---|---|---|
| Motion to Compel ECF No. 159-3, PageID 6247-53 | 27.50 | 13.75 | $2,750 |
| Motion for Sanctions *Id.*, PageID 6257-80 | 101.90 | 101.90 | $20,380 |
| Response to Hawkins' and Ford's objections *Id.*, PageID 6280-86 | 42.70 | 42.70 | $8,540 |
| Bill of costs *Id.*, PageID 6288 | 19.60 | 19.60 | $3,920 |
| **TOTAL** | | **177.95** | **$35,590** |

Defendants incurred costs totaling $1,320.95.  [*See* chart of costs,

ECF No. 155, PageID 6232, and invoices, ECF No. 155-3].  Those costs

plus the total reasonable attorney's fee equal $36,910.95.  Pursuant to

Judge Edmunds order that Hawkins reimburse defendants half of their

reasonable expenses, he should be ordered to pay defendants $18,455.48.

## IV.    CONCLUSION

For the foregoing reasons, Hawkins should be ordered to reimburse

defendants **$18,455.48.**

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: May 22, 2017

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this

Report and Recommendation, but must act within fourteen days of service

of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ.

P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any

further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.

Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*,

638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but

fail to raise others with specificity will not preserve all objections that party

might have to this Report and Recommendation*.  Willis v. Secretary of

*HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge.  E.D. Mich. LR 72.1(d)(2).

Each objection must be labeled as "Objection #1," "Objection #2," etc., and must specify precisely the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of objections, the non-objecting party must file a response to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.  The response must be concise and proportionate in length and complexity to the objections, but there is otherwise no page limitation.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 22, 2017.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
