UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY BEARD, Jr., a legally incapacitated
individual, by and through JOHNETTE      Case No. 14-13465
FORD, his guardian,

    Plaintiff,     Honorable Nancy G. Edmunds

v.

KATIE SCHNEIDER, ERIC JACHYM,
TIMOTHY GOUGEON, MATTHEW
TAYLOR, RYAN LOSH, and KORY
KARPINSKY,

    Defendant.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION IN LIMINE TO PRECLUDE THE INTRODUCTION OF EVIDENCE REGARDING CRIMINAL CONVICTION SET ASIDE BY JUDGE [191]**

This case is scheduled for trial beginning December 5, 2017 on Beard's claims of (1) excessive force arising out of Beard's arrest and (2) an equal protection claim against defendant Taylor, related to the use of a racial epithet. Defendants filed five pre-trial motions including a motion in limine to preclude the introduction of evidence regarding a criminal conviction of Beard, which the state circuit court judge, who presided over the trial, later set aside.

**I.**     **Background**

On September 6, 2011, Plaintiff Tony Beard, Jr., led the Southfield police in a car chase. The chase concluded with the police forcibly arresting Beard. As a result of his arrest, he suffered a closed head injury, facial fractures, bruising, chest abrasions, and

taser scars. In April 2014, Beard stood trial in Oakland County Circuit Court. A jury convicted Beard of (1) fleeing and eluding the police, (2) resisting and/or obstructing the police, and (3) possession of marijuana. (Register of Actions, Dkt. 67-2.) Beard filed a motion for a new trial, pursuant to M.C.R. 6.431, with the state circuit court judge who had presided over the jury trial. She granted Beard's motion for a new trial[1] on the resisting and/or obstructing the police charge, thus eliminating one of the three criminal convictions against him. In her Opinion and Order Granting in Part Defendant's Motion for New Trial and/or Acquittal of Charges, she stated "[b]ased on the testimony elicited during trial, the Court finds that the verdict of guilty. . . .as to [Beard] resisting and obstructing the police was a miscarriage of justice. Therefore, Defendant's motion for new trial and/or acquittal is granted in part." (Dkt. 67-3, at 2.) The court offered no further analysis or explanation in the order granting the new trial. The docket shows no new trial commenced.

As the state pursued the criminal matter against Beard, Beard filed, in federal court, this lawsuit asserting several civil claims including a Fourth Amendment claim that the police used excessive force during his arrest. During discovery for this civil action, Beard attempted to depose the state circuit court judge. (Dkt. 67.) Defendants filed a motion for protective order to stop the deposition. (Dkt. 67.) Defendants' motion was granted. (Dkt.

---

[1] The circuit court judge's opinion and order granting in part Beard's "Motion for New Trial and/or Acquittal of Charges," references both "acquittal" and "new trial" in the title as well as the final sentence of the order. The introductory paragraph however as well as the topic sentence of the conclusion mention only a motion for a new trial. The statute the judge cited in granting the motion is M.C.R. 6.431 titled "New Trial." Additionally, the judge states, "[b]ased on the testimony elicited during trial, the Court finds that the verdict of guilty on Count 3 as to [Beard] resisting and obstructing the police was a *miscarriage of justice*." (emphasis added). This "miscarriage of justice" standard is the term of art under M.C.R. 6.431(B) titled Reasons for Granting a New Trial which states "[o]n the defendant's motion, the court may order a new trial. . . .because it believes that the verdict has resulted in a miscarriage of justice." Based on this evidence, and despite numerous references on the current Docket that this was an "acquittal," the more accurate description is that the circuit court judge granted Beard's new trial motion but did not find a directed verdict or acquittal. The state has not pursued a subsequent trial.

2

71.)

Before the Court here, is a motion in limine from the police officer Defendants. They ask the Court to prohibit Beard from introducing evidence regarding the criminal conviction for resisting and obstructing a police officer, claiming that the evidence that this conviction was later set aside is prejudicial and irrelevant. (Dkt. 191.) Implicit in this motion, and indeed mentioned in their introduction, is the desire to prohibit Beard from introducing any evidence regarding the resisting and/or obstructing police criminal count, the jury conviction, or the conviction's set aside when the judge granted the new trial motion.

**II. Analysis**

Defendants say the circuit court judge's decision is not relevant evidence and thus should be excluded under Federal Rule of Evidence 401. They argue, the fact that prosecutors failed to present sufficient evidence in Beard's criminal trial cannot inform this civil suit. Defendants also assert that even if the set aside conviction were relevant evidence, such evidence would be prejudicial and improperly bolster Beard's credibility and should be excluded under Fed. R. Evid. 403.

Beard claims the circuit court's decision to grant a new trial is relevant, because it will help "the jury better understand all the overall facts and criminal charges that were previously brought against [Beard]." Beard also claims the danger of unfair prejudice, confusing the issues, or misleading the jury, do not outweigh the probative value. Finally Beard claims the evidence should be admissible under Fed. R. Evid. 803(8) as a public record, Fed. R. Evid. 803(6) as a record of regularly conducted activity, and Fed. R. Evid. 803(22) as a judgment of previous conviction.

The Court will Grant Defendants' motion in limine. Beard is correct that had the conviction stood, the fact that a jury had found beyond a reasonable doubt that Beard resisted arrest would have been relevant evidence. For an excessive force claim, the "[r]elevant considerations include 'the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and *whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight.*" *Fox v. DeSoto*, 489 F.3d 227, 236 (6th Cir. 2007) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989))(emphasis added). Thus any evidence which proves or disproves that Beard resisted arrest is relevant to the Fourth Amendment excessive force claim. A criminal conviction of Beard for resisting arrest would certainly be relevant evidence in determining if Defendants used excessive force.

However, the lack of a criminal conviction is not relevant. A jury provides factual conclusions, beyond a reasonable doubt, when it finds a criminal guilty. A non-conviction however comes with no such conclusions. It may represent a deficiency in all elements or only one. It may be a deficiency in the burden of proof. For instance, it is possible there is a preponderance of evidence in support of conviction, but that there is not enough to meet the higher burden in a criminal matter. It may be, as the Defendants suggest, simply a matter of the prosecutor's short comings. Thus, a non-conviction typically is not used as evidence in a civil matter. "[A] prior acquittal is not relevant because it does not prove the defendant's innocence, but rather merely indicates that the prior prosecution failed to meet its burden of proving beyond a reasonable doubt at least one element of the crime." *Com. of Kentucky v. Louis Trauth Dairy, Inc.*, 145 F.3d 1330, at *3 (6th Cir. 1998)(citing *United*

4

*States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984)). "Generally, a criminal acquittal is not admissible in a subsequent civil proceeding." *Com. of Kentucky*, 145 F.3d at *3 (citing *McKinney v. Galvin*, 701 F.2d 584 (6th Cir. 1983)).

The fact that the circuit court judge granted a new trial makes Beard's non-conviction no more relevant. Under Michigan Code of Criminal Procedure, M.C.L. § 770.1 Granting New Trial to Defendant, and under Michigan Court Rules, M.C.R. 6.431 New Trial, "the operative principles regarding new trial motions are that the court may, in the interest of justice or to prevent a miscarriage of justice, grant the defendant's motion for a new trial." *People v. Lemmon*, 456 Mich. 625 (1998). Under this standard, there is still no determination of innocence, and only a decision that the prosecution has not met its burden of proof.

Therefore, the fact that the state did not convict Beard of resisting and or obstructing his arrest is not relevant evidence and for that reason alone may be excluded under Fed. R. Evid. 401.

Defendants are also correct that this information would be prejudicial. Evidence that a circuit court judge had heard similar evidence in a criminal trial, and found it insufficient to find Beard guilty beyond a reasonable doubt that he had resisted arrest, would impact their own judgment of the evidence presented to them. It is the jury's judgment of the evidence presented to them under an entirely different burden that applies. The danger of jury confusion greatly outweighs the evidence's limited probative value. *United States v. Castro-Ramirez*, 461 Fed.Appx. 467, 469 (6th Cir. 2012)(holding the district court properly excluded testimony that the defendant was acquitted of charges in an earlier trial)(citing

5

*United States v. Gricco*, 277 F.3d 339, 353 (3d Cir. 2002) ). *See also Dunlap v. Fields*, 221 F.3d 1334, at *2 (6th Cir. 2000).

As for Fed. R. Evid. 803, Beard has not explained how this new trial motion falls within the exceptions to the rule against hearsay. The Federal Rules of Evidence exempt from the operation of the hearsay rule only judgments of conviction, Rule 803(22), not judgments of acquittal nor motions for new trials. *United States v. Viserto*, 596 F.2d 531, 537 (2d Cir. 1979). *See also*, *e.g.*, 2 McCormick on Evidence § 298 (John W. Strong ed., 5th ed. 1999). "A criminal acquittal is not admissible in a subsequent civil proceeding, as it is generally regarded as hearsay." *Dunlap*, 221 F.3d 1334, at *2 (6th Cir. 2000); *McKinney*, 701 F.2d at 586 n.5. Testimony about a prior acquittal or of a new trial is "evidence of assertions made outside the. . . .trial, offered to show the truth of the matters alleged" – the essence of inadmissible hearsay. *Id.*

### III. Conclusion

For the reasons thus stated, the Court GRANTS Defendants' motion in limine (Dkt. 191) consistent with the foregoing.

IT IS SO ORDERED.

                                         s/Nancy G. Edmunds
                                         Nancy G. Edmunds
                                         United States District Judge

Dated: October 16, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 16, 2017, by electronic and/or ordinary mail.

                                         s/Carol J. Bethel

Case Manager